Terhas TESFAHUNEGN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70346.
Agency No. A75–674–141.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 4, 2004.

Decided Oct. 21, 2004.

Douglas D. Nelson, San Diego, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Executive Office of Immigration Review, San Diego, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Thankful T. Vanderstar, Elisabeth Layton, Washington, DC, for Respondent.

Before REINHARDT, NOONAN, and CLIFTON, Circuit Judges.

MEMORANDUM *

Petitioner Terhas Tesfahunegn ("Tesfahunegn") seeks review of the Board of Immigration Appeals' ("Board") decision affirming the denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We grant the petition for review and reverse in part the Board's decision.

The Immigration Judge (IJ) denied Tesfahunegn's application based only on an adverse credibility finding. The Board affirmed the IJ's finding and also held that, even if Tesfahunegn's testimony were found credible, she had failed to demonstrate a well-founded fear of persecution. We hold that if Tesfahunegn's testimony is taken as true, the record compels a conclusion that she demonstrated a well-founded fear; we also hold that the IJ's adverse credibility finding was not supported by substantial evidence.

1.  Well–Founded Fear of Future Persecution

█ A petitioner demonstrates a well-founded fear of future persecution if she shows both a subjectively genuine and objectively reasonable fear. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998). Applicants satisfy the subjective test by credibly testifying that they genuinely fear persecution by their government or forces that their government is unable or unwilling to control on account of a statutorily-protected ground. *Id.* The objective component is satisfied where credible, direct, and specific evidence in the record supports a reasonable fear of persecution. *Id.*

Tesfahunegn testified that she feared persecution on account of her political beliefs and activities against the Eritrean government as a member of the Eritrean

Liberation Front ("ELF"). Because the BIA took her testimony as credible for the purposes of deciding the merits of her asylum claim, it should have found that she satisfied the subjective prong of the test.

Assuming her testimony to be credible, we are also compelled to conclude that Tesfahunegn demonstrated that her fear was objectively reasonable. "The reasonableness of [a petitioner's] fear must be determined in the political, social and cultural milieu of the place where the petitioner lived." *Khup v. Ashcroft*, 376 F.3d 898, 904 (9th Cir.2004) (internal citations and quotation marks omitted). Both Tesfahunegn and Mewail Mebrahtu, a member of the ELF leadership, testified that the government of Eritrea arbitrarily arrests, imprisons, and harms ELF members. The 1999 Country Report for Eritrea supports this assessment, stating that the government's human rights record is poor and that arbitrary arrest and detention is a problem. The Report also acknowledges unconfirmed reports of arbitrary arrests and detentions of ELF members, as well as general restrictions on freedom of association and movement. Furthermore, the ELF's Human Rights Report provides a list of ELF members who were arrested and remain in detention without being charged with a crime. Because the record contains substantial evidence of human rights abuses against members of the ELF by the government of Eritrea, the level of individualized targeting that Tesfahunegn must show is comparatively low. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182–83 (9th Cir.2003).

Tesfahunegn has demonstrated a sufficiently individualized risk to compel a finding in her favor. She testified that she was a member of the ELF and submitted documentary evidence to support her

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

128

claim. She further testified that while in Eritrea from November to December of 1998 to care for her ailing mother, she was approached by government officials and questioned about her membership in the political group. At about the same time, several of her friends in the ELF were arrested and "disappeared." Furthermore, Tesfahunegn submitted a letter from her mother informing her that, following her departure, government officials "ransacked" their home and interrogated her mother as to her whereabouts.

An applicant must only show a ten percent chance of persecution to establish a well-founded fear of persecution. *Cardoza–Fonseca,* 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Taken together, Tesfahunegn's testimony, the testimony of the ELF legislative member, the documents she has submitted, and the State Department's own reports, compel the conclusion that Tesfahunegn has a well-founded fear of future persecution.

2. Adverse Credibility Finding

■ Because we hold that, if credible, Tesfahunegn has established a well-founded fear of future persecution, we must also consider whether the BIA erred in affirming the IJ's adverse credibility determination. We conclude that it did.[1] The IJ provided several reasons for his adverse credibility finding; however, most of the alleged inconsistencies he identified are immaterial to Tesfahunegn's claim of asylum and therefore cannot form the basis for such a finding. *See Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003) ("discrep-

ancies must go to the heart of the claim"). For example, any inconsistencies with respect to Tesfahunegn's experiences during the period she spent in Saudi Arabia are simply irrelevant to the credibility determination in this case.[2]

The IJ's other reasons for finding Tesfahunegn not credible also cannot support an adverse credibility finding. First, he faulted her for not mentioning in her asylum application that her two brothers and one sister were in a guerilla organization. We have held that a failure to state each and every basis for an asylum claim at the time of initial application should not prejudice that claim. *Aguilera–Cota v. INS,* 914 F.2d 1375, 1382 (9th Cir.1990). Second, the IJ found it implausible that the Eritrean government would issue Tesfahunegn a passport if it knew that she was a member of the ELF. This is impermissible speculation on the part of the IJ. *See Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th Cir.1996) (finding that conjecture regarding what would or would not occur is not a substitute for substantial evidence); *cf. Hoxha,* 319 F.3d at 1184 (rejecting government's argument that "[applicant's] fear of future persecution was unreasonable because he obtained a passport to travel to the United States").

Next, the IJ found that there was no indication that "anyone knew that she was ever a member of the Eritrean Liberation Front." This statement is pure speculation, unsupported by the record. It is inconsistent with the testimony of the ELF legislative member who testified that the government would "easily" know who

1. Although the BIA expressed some reservations about the IJ's adverse credibility decision, it ultimately affirmed it. Therefore, we will examine the reasons given by the IJ for rejecting Tesfahunegn's testimony.

2. As explained above, Tesfahunegn has a well-founded fear of future persecution because of her experiences in Eritrea in November and December of 1998. Her testimony regarding her life in Saudia Arabia as a domestic servant and her sister's imprisonment and death in Ethiopia in 1988 are not relevant to the analysis of whether she fears future persecution by the Eritrean government.

was a member of the ELF, with the testimony of Tesfahunegn that she was under surveillance and questioned about her political activity while in Eritrea in December of 1998, and with the letter from her mother regarding the search of her home.

Finally, the IJ found that because Tesfahunegn was able to stay with her sick mother for sixteen days in Asmara in 1998, she could not have been at risk of harm by the government. This is again the IJ's invalid speculation as to what "[government] authorities would or would not do under certain circumstances." *Ge v. Ashcroft,* 367 F.3d 1121, 1124–25 (9th Cir. 2004); *see also Lopez–Reyes,* 79 F.3d at 912. That she was only questioned and put under surveillance but not physically harmed by the government during these sixteen days in no way renders her testimony incredible. Moreover, a brief visit to care for a seriously ill relative does not tend to undermine a petitioner's contention that she feared that she would be persecuted if she remained in the country.

For the foregoing reasons, we GRANT the petition and find Tesfahunegn statutorily eligible for asylum. We REMAND solely for an exercise of discretion. However, we AFFIRM the BIA's decision that Tesfahunegn has not met the burden of proof for a claim of withholding of deportation or relief under CAT.

Judge CLIFTON dissents.